# NO. 12-10-00258-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHARON GALLOWAY,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Sharon Galloway appeals her conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon, a knife, which is a second degree felony.[1] The indictment also alleged that Appellant used or exhibited a deadly weapon during the commission of or immediate flight from the offense. Appellant pleaded guilty to the offense charged in the indictment. Appellant and her counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, a waiver of motion for new trial and motion in arrest of judgment, a waiver of right to appeal, and a stipulation of evidence in which Appellant

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (Vernon Supp. 2010).

1

swore that all allegations pleaded in the indictment were true and correct. She also judicially confessed to the offense alleged in the indictment. The trial court accepted Appellant's plea, found that the evidence substantiated Appellant's guilt, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for four years.[2] The trial court also ordered that Appellant pay court costs.

The State filed an application to proceed to final adjudication, alleging that Appellant had violated the terms of her community supervision. Appellant and her attorney signed a written plea admonishment and stipulation of evidence, admitting as "true" five paragraphs of the allegations in the State's application. At the hearing on the application, the State abandoned two paragraphs of the allegations in its application, and Appellant pleaded "true" to three paragraphs of the allegations contained in the State's application. After a hearing, the trial court found it true that Appellant violated the conditions of her community supervision, granted the State's application, and adjudged Appellant guilty as charged as alleged in the indictment. The trial court assessed Appellant's punishment at four years of imprisonment and court costs.[3] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that her counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[4] We have

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2010).

[3] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2010).

[4] Counsel for Appellant certified that he provided Appellant with a copy of her brief and informed Appellant that she had the right to file her own brief. Appellant was given time to file her own brief, but the time for filing such a brief has expired and we have received no pro se brief.

reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

C O N C L U S I O N

As required, Appellant's counsel has moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We agree with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby ***granted***. *See **In re Schulman***, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3; ***In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

We ***dismiss*** Appellant's appeal.

Opinion delivered April 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)